IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BRYANT, :  <br>      Plaintiff : | |
| : | CIVIL NO. 3:11-CV-1329 |
| v. : | |
| : | (JUDGE NEALON) |
| SANDRA VANLUVENDER, et al., : | (MAGISTRATE JUDGE MANNION) |
|       Defendants : | |

FILED
SCRANTON

DEC 2 8 2011

**MEMORANDUM and ORDER**

Per_____ _M. S. P._____
DEPUTY CLERK

**Background**

On July 18, 2011, Plaintiff James L. Bryant, then confined at the State Correctional Institution in Pittsburgh, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleged, inter alia, that he was denied his right to counsel at a police interrogation and again during the service of a search warrant for his DNA, and that he was subjected to an unlawful search in violation of the Fourth Amendment based on the affiant's alleged false statements in the warrant's probable cause affidavit. (Doc. 1). The same day, Plaintiff filed a motion for preliminary injunction. (Docs. 5-6). On August 22, 2011, Plaintiff appeared at the Clerk of Courts' Office in Scranton to inform the Court of his release and his updated address. See (Doc. 11). On October 17, 2011, and October 19, 2011, Defendants filed motions to dismiss. (Docs. 16-17). Briefs in support of the motions were filed on October 26, 2011, and October 27, 2011. (Docs. 18-19). Plaintiff failed to file briefs in opposition to the motions to dismiss.

On November 1, 2011, the Court issued a scheduling Order setting discovery and dispositive motions deadlines. (Doc. 22). A copy of the Order was mailed to Plaintiff, but was

1

returned to the Court marked undeliverable, "not at this address." (Doc. 24). On November 3, 2011, in a motion to vacate the scheduling Order, Defendants advised that copies of the motions to dismiss were sent to Plaintiff at his last known address, but returned as undeliverable, that the address is a halfway house, that Plaintiff was discharged from the halfway house, and that Plaintiff has failed to inform the Court of his current whereabouts. (Doc. 23).

On November 29, 2011, Magistrate Judge Malachy E. Mannion issued a Report and Recommendation ("R&R") recommending that the action be dismissed for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 25). In the Report, Magistrate Judge Mannion discusses the procedural background of the case. (Id. at pp. 1-2). The R&R cites Rule 41(b) of the Federal Rules of Civil Procedure, which states:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

(Id. at p. 2). The Magistrate Judge explains that "plaintiff's failure to inform this court of a change of address constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed.R.Civ.P. 41(b)." (Id.). The Report quotes the Third Circuit Court of Appeals' decision in Kenney, which held that the "authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (Id. at pp. 2-3), quoting Kenney v. California Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967) (citing Link v. Wabash R. Co., 370 U.S. 626, 630-

31 (1962)). Magistrate Judge Mannion determines that the Court cannot control the docket and protect the rights of all parties if Plaintiff fails to comply with Court orders. (Id. at p. 3). Additionally, the R&R states that such conduct should not be condoned in light of the Court's extensive prisoner caseload. (Id.). Having concluded that Plaintiff failed to advise the Court of a new address and made no contact whatsoever, the Magistrate Judge recommends that the action be dismissed. (Id.). A copy of the R&R was mailed to Plaintiff, but was returned to the Court as undeliverable. (Doc. 26). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the district court must balance the six (6) factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id.</u> at 868.[1]

Here, after balancing of the <u>Poulis</u> factors, this Court will adopt the R&R and dismiss the Complaint. See <u>Binsack v. Lackawanna County Dist.</u>, 2011 U.S. Dist. LEXIS 134245 (M.D. Pa. 2011) (Caputo, J.) (dismissing the complaint pursuant to Rule 41(b) and M.D. Pa. Local Rule 83.3.1 for failure to prosecute). First, it is Plaintiff's sole responsibility to inform the Court of a change of address. On August 30, 2011, a standing practice order was sent to Plaintiff advising him of his duty to read and comply with the Local Rules. (Doc. 9). One of the requirements discussed in this Order states:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(<u>Id.</u> at p. 5). As to the second factor, although this Court does not find that Defendants have yet

---

[1] Not all of the <u>Poulis</u> factors need be satisfied to dismiss a complaint. See <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992); <u>C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.</u>, 843 F.2d 683, 696 (3d Cir. 1988).

4

been prejudiced, Plaintiff's failure to respond to the motions to dismiss have delayed disposition of the case. Third, Plaintiff has displayed a history of dilatoriness by failing to respond to two (2) motions to dismiss, to a motion to vacate, and to the instant R&R. The fourth factor weighs against dismissal as there is no evidence of bad faith. Fifth, there are no alternative sanctions because the Court is unable to communicate with the pro se Plaintiff.

Regarding the sixth factor, there are no constitutional violations alleged during Defendants' first communication with Plaintiff. See Burkholder v. Newton, 116 Fed. Appx. 358, 360 (3d Cir. 2004) ("It is well established that 'allegations of threats or verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983.'"), quoting Ramirez v. Holmes, 921 F. Supp. 204, 210 (S. D.N.Y. 1996); Mosley v. Yaletsko, 275 F. Supp. 2d 608, 614 (E.D. Pa. 2003) (concluding that there is no cause of action under 42 U.S.C. § 1983 where a suspect is interrogated before being informed of his Miranda rights). Plaintiff's allegations surrounding the service and execution of the search warrant similarly fail to establish an actionable claim. See Olender v. Township of Bensalem, 32 F. Supp. 2d 775, 787 (E.D. Pa. 1999) (holding that the Sixth Amendment right to counsel does not attach until "adversary judicial proceedings have been initiated by way of a formal charge, preliminary hearing, indictment, information or arraignment"), citing Kirby v. Illinois, 406 U.S. 682, 688-89 (1972). Also meritless are Plaintiff's claims against the District Attorneys who approved the search warrant and against the District Magistrate who issued the warrant despite the allegedly false statements contained in the probable cause affidavit. See Olender, 32 F. Supp. 2d at 788 (finding that qualified immunity protects from liability persons who reasonably believed that probable cause for the warrant existed). Only Trooper Vanluvender, who allegedly falsified the probable

cause affidavit, would not be entitled to qualified immunity. However, Plaintiff was never arrested or charged with any offense resulting from evidence collected in the search warrant. Accordingly, Plaintiff has not suffered a deprivation that rises to the level of a constitutional violation. See Barber v. Pa. Dep't Agric., 2010 U.S. Dist. LEXIS 42978, *17-18 (W.D. Pa. 2010) (dismissing the section 1983 claim based on a faulty search warrant because the plaintiffs were not subjected to pretrial custody or other non-custodial restrictions that would amount to a deprivation of liberty). Finally, Plaintiff's constitutional rights were not violated by the officers' alleged harassment and/or subpoena threats to his family. See Burkholder, 116 Fed. Appx. at 360; Olender, 32 F. Supp. 2d at 792 (stating that "[c]laims of intentional infliction of emotion distress rarely succeed, because a plaintiff must prove that the defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society'").

After balancing all the Poulis factors, this Court will adopt the R&R. The Complaint will be dismissed pursuant to Rule 41(b) for Plaintiff's failure to prosecute.

_____
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BRYANT,<br>Plaintiff | :<br>:<br>: CIVIL NO. 3:11-CV-1329 |
| v. | :<br>:  (JUDGE NEALON) |
| SANDRA VANLUVENDER, et al.,<br>Defendants | :  (MAGISTRATE JUDGE MANNION)<br>: |

## ORDER

NOW, THIS 28th DAY OF DECEMBER, 2011, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 25) is **ADOPTED**;

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b);

3. The motion for preliminary injunction (Doc. 5), the motions to dismiss (Docs. 16-17), and the motion to vacate (Doc. 23) are **DENIED as moot**;

4. The Clerk of Courts is directed to **CLOSE** this case; and

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

_____
**United States District Judge**